UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORU GABRIEL TRIFU,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>EXECUTIVE OFFICE OF IMMIGRATION REVIEW and IMMIGRATION COURT,<br><br>　　　　Defendants. | No. 2:23-cv-00966-TLN-AC<br><br><br>ORDER |

　　　　Plaintiff, who is proceeding in pro se, has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. ECF No. 2.

　　　　The federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this action, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

　　　　In this case, plaintiff is challenging an immigration proceeding that took place in San Francisco, California. ECF No. 1 at 1. The complaint itself indicates that it "may be referred to

1

the Northern District of California, San Francisco Division within the venue of the Executive Office for Immigration Review." Id. at 2.  All the relevant activity in this case occurred in the Northern District of California, and it appears plaintiff intended this case to be filed in the Northern District of California.  In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district.  See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

    Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Northern District of California.

DATED: May 26, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE